## Ping, et al. v. Keith, et al.

(Decided November 8, 1912.)

### Appeal from Pulaski Circuit Court.

1. Schools and School Districts—Graded Common School Districts—Establishment of—Approval of Trustees.—Under section 4464 of the Kentucky Statutes, which requires the approval of a majority of the trustees of any common school district, included wholly or partly within the boundary of a proposed graded common school district to the establishment of a graded common school, such approval of the trustees is a condition precedent to the authority of the county judge to establish a graded common school district and school; and, without their approval the' county judge has no jurisdiction to enter an order calling an election to take the sense of the voters as to the establishment of the district and the voting of a tax to erect and maintain the school building.

2. Schools and School Districts—Graded Common Schools—Petition—Approval by Majority of Trustees in Office.—Under section 4464 of the Kentucky Statutes, which provides that the proposition to establish a graded common school district and school must be approved in writing on the petition to the county judge, by a majority of the trustees of any common school district affected by the establishment of the graded common school, the petition must be approved by a majority of the trustees of the common school district in office at the time the petition is filed.

3. Schools and School Districts—Petition to Establish—Filing of—Jurisdiction of County Judge.—Where a petition to the county judge to establish a graded common school district and school under section 4464 of the Kentucky Statutes, was signed by a trustee of a common school district during his term of office, but was not filed with the county judge until after the trustee's term of office had expired, the county judge was without jurisdiction to make an order calling an election to take the sense of the voters as to the establishment of the district, and the voting of a tax to build and maintain the school building.

CAMPBELL & CUNDIFF for appellants.

VIRGIL P. SMITH for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellants, taxpayers of Pulaski County, brought this action against the appellees, who claim to be graded school district trustees, to enjoin the organization of a graded common school under an election held July 29, 1911, upon the ground that said election was void. The election was held under section 4464 of the Kentucky Statutes to establish a graded common school in a graded common school district to be composed of the common school districts of "Norwood" and "Camp Ground." The Circuit Court dismissed the petition, and the plaintiffs appeal.

Several grounds for a reversal are relied upon; but in our view of the case, it is necessary to consider one only, and that is, the jurisdiction of the county judge to enter the order calling the election.

Section 4464 of the Kentucky Statutes provides that upon the filing of a written petition, signed by at least ten legal voters, who are taxpayers, it becomes the duty of the county judge to make an order on his order book at the next regular term of his court after he receives said petition, fixing the boundary of the proposed graded common school district, and calling an election for the purpose of taking the sense of the voters in the proposed district upon the proposition whether or not they will vote an annual tax not to exceed the amount set forth in the statute, for the maintenance of the proposed school. The statute, however, contains this clause: "*Provided,* That the proposition to establish any graded common school district and school, as provided for in this section, is approved in writing on the petition to the county judge by a majority of the trustees of any

common school district, included wholly or partly within the boundary of said proposed graded common school district, and approved in writing on said petition by the county superintendent of common schools," etc. The petition to the county judge was approved, in writing, in an endorsement thereon by the county superintendent of common schools, and also by the further endorsement of the County Board of Education of Pulaski County. It is insisted, however, that the petition was not approved by a majority of the trustees of the two common school districts, as is required by the foregoing provision of the statute. In the case at bar the petition was filed with the county judge on March 20, 1911, and the order calling the election was properly entered at the next term of the court on April 16, 1911. Each of the common school districts affected by the order was entitled to one trustee, and it is not questioned that Henry Girkey was the trustee for the "Norwood" common school district from August, 1910, to August, 1911. The petition to the county judge bears the written approval of Henry Girkey, trustee for the "Norwood" common school district, and Fred Catron, as trustee for the "Camp Ground" district, both made, however, under date of June 4, 1910. But the record shows that Fred Catron was succeeded as trustee of the "Camp Ground" district by J. G. Cundiff in August, 1910, and that the petition was not filed with the county judge until March 20, 1911, more than six months after Catron's term of office had expired, and after Cundiff had succeeded him as trustee. Cundiff never approved the petition to the county judge. The question for decision, therefore, is this: Does the statute require that the petition to the county judge should be approved by a majority of the trustees of the common school district at the time the election is ordered, or is the approval by a common school district trustee while he was in office, to be considered by the county judge in entering the order and calling the election, after said trustee has gone out of office? It would seem that a mere statement of the question answers it in the negative; for although the statute does not expressly say that the proposition to establish a graded common school should be approved by a majority of the trustees of any common school district *then in office*, it necessarily means that; otherwise, the county judge would be acting upon the approval of one who had no authority to give approval.

In, Waring. v. Bertram, 25 Ky. L. R., 307; 75 S. W., 222, we construed the proviso to section 4464 of the Kentucky Statutes above quoted, saying:

"The provision of the statute requiring the approval of a majority of the trustees of any common school district included wholly or partly within the boundary of the proposed graded common school district is a condition precedent. Without their approval the county court had no jurisdiction to enter a judgment calling for an election to take the sense of the voters as to the establishment of the district and the voting of a tax to erect, and maintain a building. The demurrer admits the truth of the averment of the petition, that the petition of voters was fraudulently altered after it was signed, without the knowledge or consent of a majority of the trustees of common school district No. 4, one of the districts included in the graded school district. The alteration was material and important, and invalidated the petition. The presentation of a valid petition was a jurisdictional requirement for the entry of the judgment. There was nothing, therefore, before the court on which to rest the judgment calling the election, and it was consequently void."

In Board of Education v. Trustees of Eddyville Graded School District, 30 Ky. L. R., 840, 99 S. W., 906, in speaking of the proviso to section 4464, *supra,* we said:

"Under this statute the county court is without jurisdiction to take in any part of another school district in establishing a graded school district, unless the proposition is approved in writing on the petition by a majority of the trustees of the common school district included wholly or partly within the boundary of the proposed graded common school district. The purpose of the statute is to prevent one district from interfering with another in this way without the consent of the trustees of the district affected. The reason obviously is, that great injustice might thus be done to other districts which might be in this way disabled from establishing a graded common school under the statute."

And, in the later case of Stuart v. Petrie, 138 Ky., 519, where the county superintendent approved the petition on Saturday, December 30, 1905, and went out of office on Monday, January 1, 1906, the day upon which the petition was filed in the county court, the court held that the order was valid, expressly upon the ground that

the superintendent was in office the whole of the first Monday of January, 1906, the day upon which the petition was filed. In deciding that question we used this language:

"Miss Mina Griffin was county superintendent of Todd County from the first Monday in January, 1902, to the first Monday in January, 1906. The petition for the establishment of the Fair View School was presented to her and approved by her on Saturday, December 30, 1905. Fair View is about 20 miles from the county seat of Christian County, and some distance from the county seat of Todd County. After the petition was approved by Miss Griffin as superintendent on Saturday, it was taken on the following Monday to the county seat of Christian County, and was there approved by the county superintendent of that county, and filed in the county court. Miss Griffin's term of office expired on that day, and it is now insisted that the petition should have been approved by her successor, and that her approval was void. It is conceded that she was in office on the preceding Saturday and regularly approved the petition, and that the petition was presented to her with the view to its being filed in the Christian County Court on the following Monday. It is earnestly insisted that Miss Griffin was not in office at the time the petition was filed in the Christian County Court, and that the petition is not sufficient unless it is approved by the county superintendent in office at the time it is filed in the county court. The law takes no cognizance of fractions of a day. Miss Griffin began her term of office on the first Monday in January, 1902. Her term expired on the first Monday in January, 1906. She was the county school superintendent on that day until her successor qualified and entered upon the discharge of his duties. She was in office until her successor took the office. Her acts on that day are valid. She was in office on that day; and, as the law takes no notice of fractions of a day, the petition filed in the Christian County Court was approved by the superintendent of schools in Todd County. If a school superintendent should approve a petition in a case like this, and should suddenly die before the petition was filed in the county court, if an unreasonable time had not elapsed, it would not be necessary to wait until his successor qualified, and have him to approve the petition before it was filed in the county court. The expiration of the term by time has no greater effect than its termination by death.

When the petition is in good faith approved by the superintendent then in office, and the petition is thereafter in the usual course of business promptly filed, the statute is complied with.''

Mullins v. Andrews, 20 Ky. L. R., 22, 45 S. W., 231, is to the same effect. In answer to appellees' contention that some effect should be given the approval of the County Board of Education, it is sufficient to say that the approval by any person or body not required by the statute, amounts to nothing. The statute is mandatory and must be followed.

It must follow from these authorities, that since the petition did not have the necessary approval of the trustee for the ''Camp Ground'' district at the time it was filed, the order calling the election, and made upon the faith of the petition, was void.

Judgment reversed.