## Owens v. Trustees McKinney Graded Common School District.

(Decided May 14, 1913).

### Appeal from Boyle Circuit Court.

1. Schools and School Districts—Establishing Graded Common School —Election—What Petition for Must Contain.—To authorize the County Judge to order an election to take the sense of the voters of a proposed graded common school district upon the question whether or not they will vote an annual tax for maintaining a graded common school therein, the petition for such election must, as provided by section 4464, Kentucky Statutes, contain thereon the approval, in writing, of a majority of the trustees of the common school districts included, wholly or in part, within the boundary of the proposed graded common school district.

2. Schools and School Districts—Trustees—Graded Common Schools —Election as to Levy of Tax—Petition for Election.—As under the present law with respect to common schools, there is but one trustee of each common school district of a county, it is necessary that the petition filed with the County Judge for an order requiring the holding of an election to take the sense of the voters of the graded common school district as to the levying of an annual tax for the maintenance of a graded common school therein, contain the approval, in writing, of the trustee of each common school district included in whole or in part in such graded common school district.

ROBERT HARDING, EMMET PURYEAR for appellant.

J. B. PAXTON, GEO. D. FLORENCE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was instituted in the Lincoln Circuit Court, by appellant, a resident tax payer of the McKinney Graded Common School District to enjoin appellees, J. J. Elliot and others, composing the board of trustees of the district, and R. H. Metcalf, its tax collector, from collecting a tax of $1 per capita on each white male inhabitant over twenty-one years of age residing in the McKinney graded common school district, and an ad valorem tax of thirty cents on each $100 worth of property situated therein, levied by appellees, the trustees, for the maintenance of the McKinney graded common school; and particularly to enjoin the sale by the collector of appellant's horse which had been seized and levied upon by that officer for the payment of the owner's alleged part of the school tax in question.

For the convenience of the parties, and by agreement between them, the case was transferred to the Boyle Circuit Court and there submitted upon the questions presented by the record for decision, which were raised by the demurrer filed by appellees to the petition. The demurrer was sustained, the injunction refused and the action dismissed. This appeal is prosecuted from the judgment manifesting these rulings.

The grounds set forth in the petition for the injunction prayed were, that the order of the county judge directing the holding of an election for the purpose of taking the sense of the legal white voters in the graded school district upon the question whether or not they would vote an annual tax of thirty cents on each $100 of property assessed therein, and a poll tax of $1, for the purpose of maintaining a graded common school in the McKinney graded common school district, was void as was the election itself and the attempted levy and collection of the tax resulting therefrom. In support of the grounds thus urged it is contended, first, that the county judge was without authority to order the election because the petition therefor did not have thereon the approval, in writing, of a majority of the trustees of the common school districts included, wholly or in part, within the boundary of the proposed McKinney graded

common school district, as required by section 4464, Kentucky Statutes.

It appears from the averments of the petition, which are admitted by the demurrer, that the McKinney graded common school district includes within its boundary parts of common school districts, numbers 5, 2, 11 and 14, of which C. Mobely, I. G. Terry, J. W. Peak and G. W. Moore were the trustees, respectively, at the time of the filing of the petition and the entering of the order for an election.

It is true that two of these trustees wrote their names in the blanks left in the face of the petition for designating the numbers of the common school districts, but the names do not follow and are not connected with any words approving the petition or the proposition to establish the graded common school district as therein proposed, and, even if we should hold that the appearance of the names of the two trustees on the petition as indicated, should be treated as their approval of the filing of the petition and the establishing of the McKinney graded common school district, as therein prayed, it would not amount to a compliance with the provision of the statute which, as there is now but one trustee in each common school district, requires the approval of all the trustees of the common school district, wholly or in part, included in the graded common school district.

In other words, did the failure of the single trustee of each of two of the four common school districts, included in part in the graded common school district, to write on the petition his approval, as required by the statute, render the order of election made by the county judge void? If we so hold the decision of other grounds of objection to the validity of the order, urged by appellant, will be unnecessary.

It is contended by appellees that the recent revision of the common school law, known as the "Sullivan Act," reduces the number of trustees in the sub-districts from three to one, places in the county board of education entire control of the schools of the county and takes from the single trustee of each sub-district all the powers formerly possessed by the three, save the power to make recommendations to the county board. If this is the only power left the single trustee the office is an unnecessary one, for the teacher in each common school district could better make the necessary recommendations as to the needs of the school therein. The more reasonable view

is that if the Legislature had intended the county board should wholly supplant the sub-district trustee, the act would have abolished the latter office.

Moreover, the "Sullivan Act" repeals only so much of the old law as is in conflict with it. In the matter of creating graded common schools and graded common school districts, it makes no change in procedure, the provisions of section 4464, Kentucky Statutes, remain in force. So, as the "Sullivan Act" does not in express terms or by necessary implication, take from the single trustee of each common school district that may be, wholly or in part, included in the graded common school district, the authority to approve or disapprove the calling of an election to take the sense of the voters as to the establishment of the graded district school, or, in terms or by implication, transfer such authority to the county board of education, his approval of the election must be obtained before it can be ordered by the county judge. As said in Board of Education v. Trustees of Eddyville Graded School District, 30 R., 840, in considering the proviso to section 4464:

"Under this statute the county court is without jurisdiction to take in any part of another school district in establishing a graded school district, unless the proposition is approved in writing on the petition by a majority of the trustees of the common school district included wholly or partly within the boundary of the proposed graded common school district. The purpose of the statute is to prevent one district from interfering with another in this way without the consent of the trustees of the district affected. The reason obviously is that great injustice might thus be done to other districts which might be in this way disabled from establishing a graded common school under the statute."

The same conclusion was reached in the previous case of Waring v. Bertram, 25 R., 307; and in the more recent case of Ping, et al. v. Keith, et al., 150 Ky., 452, we again had before us the same question, and also the further question whether the approval of the establishment of the graded school should be by the trustee of an included common school district in office at the time the petition to be filed with the county judge for the calling of the election was prepared, or his successor who qualified before the petition was filed. The last question being the main one involved was first disposed of in the opinion as follows:

"The question for decision, therefore, is this: Does the statute require that the petition to the county judge should be approved by a majority of the trustees of the common school district at the time the election is ordered, or is the approval by a common school district trustee while he was in office, to be considered by the county judge in entering the order and calling the election, after said trustee had gone out of office? It would seem that a mere statement of the question answers it in the negative; for although the statute does not expressly say that the proposition to establish a graded common school should be approved by a majority of the trustees of any common school district *then in office,* it necessarily means that; otherwise, the county judge would be acting upon the approval of one who had no authority to give approval."

After quoting from Waring v. Bertram and Board of Education v. Trustees of Eddyville Graded School District, *supra,* in support of the above conclusion, the opinion then disposes of the question involved in the instant case in the following language:

"In answer to appellees' contention that some effect should be given the approval of the county board of education, it is sufficient to say that the approval by any person or body not required by the statutes, amounts to nothing. The statute is mandatory and must be followed.

It must follow from these authorities, that since the petition did not have the necessary approval of the trustee for the "Camp Ground" district at the time it was filed, the order calling the election, and made upon the faith of the petition, was void."

Adhering to the conclusions expressed in Ping ,et al. v. Keith, et al., *supra,* and the cases therein cited, we must hold that the county judge of Lincoln County was without jurisdiction to order the election in question, therefore, it follows that the election and levy of the school tax made thereunder, were and are void, and that appellant's horse was not subject to the tax for which it was seized and attempted to be sold.

Wherefore, the judgment of the Boyle Circuit Court is reversed and cause remanded with directions to overrule the demurrer and enter such a judgment as will accord with the views of this court as expressed in the opinion.