## Haynes, et al. v. Strunk, et al.

(Decided November 20, 1913).

## Appeal from McCreary Circuit Court.

Schools and School Districts—Establishment of Graded Common Schools—Action to Enjoin Levy and Collection of Tax—Invalid Election to Establish Graded School.—Where the petition for an election required to be filed under section 4464, Ky. Stats., upon the question of creating a graded common school district was only lodged with the county clerk, and endorsed by him, it was therefore not filed as required by the statute, and not approved by the trustees, the election establishing the graded school was invalid and the judgment dismissing appellant's petition in which it was sought to enjoin the collection of the tax was error.

DENTON & FLIPPIN for appellants.

HENRY C. GILLIS and TYE & SILER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellants instituted this action for the purpose of enjoining the appellees from making a levy and collecting the tax for a graded school in McCreary County, Kentucky. This graded school district was then in Pulaski County, Kentucky, but was afterwards cut off, and is now in McCreary County. They set up many grounds

showing that the election was invalid. The petition was inartfully drawn, but it is made clear from it, and the exhibits filed therewith, that the petition of ten voters, or more, required to be filed under section 4464 of the Kentucky Statutes was only lodged with the county clerk, and endorsed by him, and therefore was not filed as required by section 4464 of the statute. The statute says this petition should be filed with the county judge, and that at the next term of the county court he should make an order on his order book after he receives said petition fixing the boundary of any proposed graded school district.

In the case of Webb, &c. v. Smith, &c., 99 Ky., 11, this court in construing section 4464 of the Kentucky Statutes said:

"On the 6th day of July, 1894, a petition was lodged in the clerks' office, signed by ten taxpayers, asking that an election be held in the district for the imposition of the tax in order to have this graded school. On the 9th of the same month, it being county court, an order was made by the county judge calling the election to be held on the 20th of August."

Further along in the same opinion it was said:

"It was insisted below, and we think properly, that the petition should have been presented to the county judge in term time and made a part of the record of the court."

In that opinion the court also approved case of Doores v. Varnon, 94 Ky., 507 (15 L. R. A., 244), which was a case enjoining the levying and collecting of a tax for a graded school. The court after discussing the question that the petition should be filed with the county judge, and by him continued to the next term of the court for the purpose of giving those interested time to investigate whether the parties who signed the petition were taxpayers, and whether the boundary given in the petition was according to law, and whether it fixed a place for the erection of the school house in the center of the district, or as nearly so as might be, and other questions relative thereto; held that the filing of the petition with the county judge was mandatory.

We also find from the petition and exhibits that a majority of the trustees in the boundary set out in the petition did not endorse their approval in writing on the petition, nor did they approve it in any way. Section 4464 of the statute on this question reads as follows:

"Provided, That the proposition to establish any graded common school district and school, as provided for in this section, is approved in writing on the petition to the county judge by a majority of the trustees of any common school district, included wholly or partly within the boundary of said proposed graded common school district."

The boundary of the proposed graded school includes two districts of common schools, namely: Indian Head and Park Lake.    One, Davis as trustee of Park Lake district endorsed his consent on the petition, but it does not appear that the trustee of Indian Head did approve it.   This was fatal.   See Section 4464 Kentucky Statutes, and 25 K. L. R., 307.   In the named case, it was an action to enjoin the collecting of a tax as in the case at bar, and where they failed to have the approval of a majority of the trustees, and the court said:

"The provision of the statute requiring the approval of a majority of the trustees of any common school district included wholly or partly within the boundary of the proposed graded common school district is a condition precedent.   Without their approval the county court has no jurisdiction to enter a judgment calling for an election to take the sense of the voters as to the establishment of the district and the voting of a tax to erect and maintain a building."

See also Owens v. Trustees McKinney, etc., 153 Ky., 723.

From what we have said it is sufficient to show that the election establishing that graded common school was invalid, and the judgment dismissing appellants' petition was error, and is therefore reversed.